UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERAFIN GARCIA, | Case No. 2:13-CV-731 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO CASUALTY COMPANY, | |
| Defendant(s). | |

Presently before the court is *Garcia v. Geico Casualty Company*, case no. 2:13-cv-00731-JCM-NJK.  Pending before the court is an order to show cause why plaintiff and his counsel, Adam Kutner, Esq. should not be sanctioned for his failure to appear and comply with court orders.

**I.     Background**

This case stems from a two-driver car accident where another driver rear-ended plaintiff. Defendant is plaintiff's insurance carrier.  Plaintiff filed in the Eighth Judicial District Court, Clark County, Nevada, on February 27, 2013, alleging an under-insured motorist contract claim, and a bad faith contract claim against defendant.

Defendant removed the action to federal court on April 29, 2013, and filed an answer to plaintiff's complaint on May 10, 2013.  On February 11, 2014, this court approved the parties' stipulation to stay court proceedings and submit their dispute to private binding arbitration.

The stipulation waived the parties' rights to any trial by a judge and jury and waived the parties' ability to appeal the arbitrator's award or any order made by the arbitrator.  The stipulation further stated that the award of the arbitrator shall constitute a final determination of plaintiff's claim against defendant arising out of the accident.  Additionally, upon rendering of

the decision by the arbitrator, the parties stipulated to dismissal of the action, with prejudice, reserving the right to this court the authority to enforce the agreement. The court scheduled a status hearing for Friday, August 15, 2014.

At the status hearing, plaintiff's counsel Adam Kutner, Esq. did not appear. Cheryl Grames, Esq. appeared for the defense. Ms. Grames indicated that mandatory arbitration had been set for October 20, 2014. The court set another status check for Friday, November 14, 2014. The court further stated that if plaintiff's counsel, Mr. Kutner, was not in attendance at the next status check the court would issue sanctions.

On November 14, 2014, the court held a status check hearing. Danielle Miller, Esq. appeared for the defense. Plaintiff's counsel, Mr. Kutner, once again failed to appear before the court. The court inquired as to the status of this case. Ms. Miller stated that the arbitration did not go forward and that the defense was attempting to obtain additional medical records. The court inquired from Ms. Miller if she knew where Mr. Kutner was. She stated that she did not know, but that Mr. Kutner was aware of the hearing before the court. The court set another status hearing for February 13, 2015. The court also stated that it would issue an order to show cause as to why Mr. Kutner should not be held in contempt for his failure to appear for the November 14, 2014, status check.

On November 14, 2014, the court ordered plaintiff to show cause as to why Mr. Kutner should not be held in contempt for his failure to appear before this court. On December 1, 2014, Victor M. Cardoza, Jr., Esq., filed supplemental documentation on behalf of himself and Mr. Kutner in compliance with the court's order to show cause. (Doc. # 19).

**II.     Legal Standard**

Attorneys are required to follow court orders. Federal Rule of Civil Procedure 16(f) requires counsel to comply with pretrial orders and grants the court authority to order any "just" sanctions, including those outlined in Rule 37(b)(2)(A) for non-compliance. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). Additionally, this court's local rules provide the court authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4-1(d).

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Mr. Kutner, plaintiff's counsel, failed to comply with at least two of this court's orders to appear for hearings. Mr. Cardoza explains in his response to this court's order to show cause that Mr. Kutner had associated with Mr. Cardoza and his law firm, Fassett & Cardoza, to further litigate the instant case. Therefore, plaintiff is represented by both Mr. Kutner and Mr. Cardoza in the instant action.

Mr. Cardoza states that the "simple answer" for both attorneys' failures to appear is that they should have been aware of the hearings, but were not. Mr. Cardoza further states that there is no excuse for both attorneys' failure to know of or appear at the August 15, 2014 or November 14, 2014, hearings before this court.

Mr. Cardoza asserts that he, not Mr. Kutner, is to blame for both attorneys' failures to appear. Mr. Cardoza stated that he believed, erroneously, that his law firm would be served with any federal court document since the law firm was listed in the certificate of service for "electronic service by the U.S. District Court CM/ECF system to the parties as set forth on the Electronic Mail Notice List" in the stipulation to extend discovery plan. Mr. Cardoza and not Mr. Kutner coordinated with defense counsel on the stipulated discovery plan and scheduling order, and on the stipulation to extend discovery plan and scheduling order, effectuated in June 2013 and September 2013, respectively.

Mr. Cardoza acknowledges that there is no excuse for his incorrect assumption that his law firm would be notified by this court despite his failure to file notice of its involvement in this case. As a result, no notifications were sent by CM/ECF to any representatives from Fassett & Cardoza. Further, Mr. Cardoza asserts that Mr. Kutner was unaware that Fassett & Cardoza failed to file any notice with the court of the law firm's involvement with the case and should not be held responsible for Mr. Cardoza's failings.

To explain why Mr. Kutner was personally unaware of the hearings, Mr. Cardoza notes that the two email service addresses the federal court has for Mr. Kutner would not provide him notification and they are investigating how these email addresses remain with the federal court as service addresses. Plaintiff's counsel asserts that one of the email addresses is for a former

James C. Mahan
U.S. District Judge

- 3 -

employee who has not worked for Mr. Kutner in over five years. The court's CM/ECF record shows notice sent to Adam S. Kutner at chernandez@adamskutner.com and tkelly-lamb@adamskutner.com. Plaintiff's counsel asserts the other is an employee of Fassett & Cardoza who was, unfortunately, out of the country for an extended period during the 2014 calendar year.[1]

Mr. Cardoza summarizes the issues, or as he puts it, the "mistakes that occurred" as 1) Mr. Cardoza believing Fassett & Cardoza had given notice to the court of Mr. Cardoza's association with the case as plaintiff's counsel; 2) Mr. Cardoza failing to give the court notice of the association and leading Mr. Kutner to believe this had been done; and 3) the email addresses for Mr. Kutner are "inadequate for service and it is still being investigated as to why these remain the e mail addresses." (Doc. # 19). Mr. Cardoza asks, should the court determine that sanctions are appropriate for failing to appear at the two status checks, that Fasset & Cardoza be sanctioned instead of Mr. Kutner, because Mr. Kutner "had every reason to believe" that all hearings were known and attended by Mr. Cardoza. (*Id.*).

The court agrees that there is no excuse for both Mr. Kutner and Mr. Cardoza failing to appear before the court as ordered, and failing to do basic housekeeping before this court by providing the court with appropriate email addresses by which to notify plaintiff's counsel. Mr. Cardoza's assessment of the wrongs committed fails to include one very important piece of the puzzle—the fact that the court has heard all of these excuses before.

In *Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. LEXIS 101497, 2:13-cv-00056-LDG-NJK *1 (D. Nev. July 19, 2013) plaintiff's joint counsel, Mr. Kutner and Mr. Cardoza, failed to comply with at least four court orders. *Id.* at *3. At a hearing held on July 10, 2013, Mr. Cardoza candidly admitted that there was "no justifiable reason" for his failures to comply with the court's orders. *Id.* The court noted, "[t]he gist of Mr. Cardoza's explanation for the failure to comply is that he relies on his staff to inform him of Court orders and that they did not do so properly with respect to the orders identified [by the court] . . . . For his part, Mr. Kutner

---

[1] It is unclear to the court why an employee of Fassett & Cardoza would have an email address with the Adam S. Kutner Law Firm.

**James C. Mahan**
**U.S. District Judge**

- 4 -

merely indicated that he relies on Mr. Cardoza to handle this matter and did not "personally" receive any emails regarding the orders issued by the Court." *Id.*

The court in *Cabrera* "agree[d] with Mr. Cardoza's assessment of the situation: there [was] no justifiable reason for the failure to comply with the Court's orders." *Id.* The *Cabrera* court found sanctions appropriate and ordered Mr. Cardoza to pay $1,000 in fines and Mr. Kutner to pay $500 in fines. *Id.* The *Cabrera* court also ordered Mr. Cardoza to read the local rules of practice for the United States District Court for the District of Nevada in their entirety, as well as special order no. 109 (including the attached "Electronic Filing Procedures") and to submit a declaration stating that he had done so. *Id.*

Further, the court "[took] Plaintiff's attorneys at their word that they [ ] remedied the situation so that future Court orders will be obeyed." *Id.* The court warned Mr. Cardoza and Mr. Kutner that it expected strict compliance with all court orders in the future. *Id.* Additionally, though the court did not believe these fines fully reflected the effect of counsel's misconduct on either the integrity of the court's docket or the sanctity of the Federal Rules of Civil Procedure and Local Rules, the court believed the sanction was sufficient to deter similar misconduct. Clearly it was not.

Ultimately, attorneys are responsible for maintaining their CM/ECF accounts and for reviewing and responding to court orders. *See id.* In *Cabrera*, Mr. Kutner's CM/ECF account emailed notice to chernandez@adamskutner.com and tkelly-lamb@adamskutner.com, the exact same email addresses as registered with the court in the instant case. That Mr. Kutner and Mr. Cardoza need to investigate how the same issue for which they were sanctioned more than a year and a half ago occurred again is preposterous and obviously untrue.

Further, that Mr. Cardoza would not know that he needed to file notice with the court of his involvement with the case when he, as a part of his prior sanctions by this court, submitted a signed affidavit that he did indeed read in full the local rules of practice, and special order no. 109 and the attached "Electronic Filing Procedures," is equally insulting and dishonest to the court. Both Mr. Cardoza and Mr. Kutner are clearly trying to use the same, tired excuses with

**James C. Mahan**
**U.S. District Judge**

- 5 -

the court to get a free pass for their incompetence and laziness. The court admonishes Mr. Cardoza and Mr. Kutner and finds sanctions appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Cardoza pay a $5,000 court fine and Mr. Kutner pay a $2,500 court fine. Once again, the court believes these fines do not fully reflect the effect of counsel's misconduct on either the integrity of the court's docket or the sanctity of the federal and local rules. The sanctions are personal to Mr. Cardoza and Mr. Kutner. Payment shall be made within ten days as a court fine to the "Clerk, U.S. District court."

IT IS FURTHER ORDERED that Mr. Cardoza and Mr. Kutner shall submit proof of payment to the Honorable James C. Mahan's chambers within five days of payment.

DATED January 6, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**